IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D'RON ADAMS,<br>    *Plaintiff,* | CIVIL ACTION |
| v. | No. 18-1516 |
| TROOPER CHARLES H. STEINMETZ,<br>et. al.,<br>    *Defendants.* | |

## MEMORANDUM

### I. INTRODUCTION

Before the Court is the Motion for Judgment on the Pleadings on Behalf of Defendant, Darren Alston, (ECF No. 9) and Plaintiff's Response thereto (ECF No. 11).

### II. BACKGROUND[1]

On or around February 15, 2015, Defendants, Trooper Steinmetz and Trooper Garcia, conducted a criminal investigation concerning the sale of controlled narcotic purchases occurring most frequently in the Bennett Homes Section of the City of Chester, Delaware County. ECF No. 1 at ¶¶11-12. Defendant Steinmetz, at all relevant times hereto, was a State Trooper within the Pennsylvania State Police. *Id.* at ¶7. Defendant Garcia, at all relevant times hereto, was also a State Trooper within the Pennsylvania State Police. *Id.* at ¶8.

---
[1] The following background is according to Plaintiff's Complaint (ECF No. 1).

1

Defendants, Steinmetz and Garcia, suspected that an individual named James Townsend was dealing drugs. *Id.* at ¶15. On November 4, 2015, Plaintiff was observed by Defendants, Steinmetz and Garcia, meeting with Mr. Townsend behind a residence at the Bennett Homes section of Chester. *Id.* at ¶16. Later on November 4, 2015, Defendants, Steinmetz and Garcia, intercepted a text message from Plaintiff to Mr. Townsend that was interpreted as Plaintiff referring to losing a quantity of cocaine from converting powder cocaine to cocaine base to create "crack." *Id.* at ¶¶17-18.

On April 22, 2016, Plaintiff was arrested pursuant to a criminal complaint issued on April 20, 2016 and charged by the Pennsylvania State Police – Bureau of Criminal Investigation with one count of possession with intent to deliver a controlled substance, one count of conspiracy of possession with the intent to deliver a controlled substance, one count of corrupt organizations, criminal conspiracy to corrupt organization, one count of criminal use of communication facilities, one count of possession of a controlled substances, and one count of conspiracy to possession of a controlled substance. *Id.* at ¶22. After Plaintiff spent six (6) months in George Hill Correction Facility, on November 14, 2016, the Honorable James F. Nilon, Jr. granted Plaintiff's motion to quash information initiated by Defendants. *Id.* at ¶¶31-32. Plaintiff alleges that Defendants at all times lacked probable cause to arrest him. *Id.* at ¶33.

At all relevant times hereto, Defendant, Darren Alston, was the City of Chester Police Commissioner. *Id.* at ¶9.

On April 11, 2018, Plaintiff filed his Complaint against the Defendants. In his Complaint he set forth nine (9) causes of action. Of those causes of action, six (6) pertain to Defendant Alston, all of which fall under 42 U.S.C. § 1983. These causes of action include: (1) violation of Fourth and Fourteenth Amendment right of United States Constitution and Article 1 of the Pennsylvania Constitution due process rights and secured by 42 U.S.C. § 1983; (2) conspiracy to violate Plaintiff's Constitutional civil rights and other rights; (3) unlawful detention/arrest under the Fourth Amendment; (4) malicious prosecution under the Fourth Amendment; (5) violation of civil rights while acting under the color of law for failure to intervene; and (6) failure to supervise. *Id.* at ¶35-85. On November 10, 2018, Defendant Alston filed his Answer to Plaintiff's Complaint. ECF No. 8.

Also on November 10, 2018, Defendant Alston filed his Motion for Judgment on the Pleadings. ECF No. 9. In essence, Defendant Alston's Motion for Judgment on the Pleadings boils down to the contention that Plaintiff failed to allege any conduct by Defendant Alston, personally, or any conduct by any member of the City of Chester Police Department, and Plaintiff only alleges conduct by the Pennsylvania State Police. ECF No. 9 at 4. Plaintiff, in Response, never argues that Defendant Alston had any connection with the Pennsylvania

State Police investigation. Instead, Plaintiff simply repeats the allegations in his Complaint and makes conclusory allegations against Defendant Alston. There is not one substantive fact alleged by Plaintiff that pertains to Defendant Alston.

## III. DISCUSSION

A party may move for judgment on the pleadings, "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (internal quotations omitted). When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). Therefore, a district court may grant a motion for judgment on the pleadings:

> [I]f the movant establishes that there are no material issues of fact, and he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party.[2]

*Zimmerman*, 873 F.3d at 417-18.

In order for a police commissioner, like Defendant Alston, to be liable under § 1983, he "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* In *Rode*, a civilian

---

[2] Here, because no matters outside the pleadings were presented, the Rule 12(b)(6) standard, not the summary judgment standard, will be used. *See* Fed. R. Civ. P. 12(d); ECF No. 1; ECF No. 9; ECF No. 11.

employee of the Pennsylvania State Police filed a civil rights action under §§ 1983 and 1985 against defendants that included Pennsylvania's Governor Richard Thornburgh and Pennsylvania's Attorney General Leroy Zimmerman. *Id.* at 1197. The Third Circuit upheld the district court's dismissal of plaintiff's complaint as to defendant Thornburgh. *Id.* at 1208. Specifically, the Third Circuit held that plaintiff's:

> Retaliatory harassment claim against Governor Thornburgh was precluded by her failure to allege knowledge and acquiescence with the required particularity. [Plaintiff's] assertion that the Governor had "responsibility for supervising" the other defendants is irrelevant. Further, [plaintiff] failed to show that the Governor had the necessary personal knowledge to sustain the civil rights action as to him.

*Id.*

In the instant matter, Plaintiff has not alleged any facts that would allow the Court to draw any reasonable inference that Defendant Alston is liable for the misconduct alleged by Plaintiff. The alleged wrong-doers were all members of the Pennsylvania State Police. The entire investigation against Plaintiff was performed by the Pennsylvania State Police. There are no allegations that the City of Chester Police Department had any involvement in this matter. The only substantive fact that has any relation to the City of Chester is the Plaintiff's residence is in Chester and the investigation took place in Chester. There is simply no allegation that Defendant Alston had any knowledge or personal involvement in the investigation

6

involving Plaintiff. A plaintiff cannot rely on conclusory factual allegations against a police commissioner for a civil rights matter in which that commissioner's police force was not involved and in which that police commissioner had no knowledge of the matter.

## IV. CONCLUSION

Because Plaintiff failed to allege any facts that demonstrated that Defendant Alston had any personal involvement or any knowledge of the criminal investigation at issue, Defendant Alston's Motion for Judgment on the Pleadings is granted. All claims against Defendant Alston are hereby dismissed without prejudice. However, Plaintiff is free to amend his Complaint as to Defendant Alston on or before February 11, 2019. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). An appropriate order will follow this Memorandum.

DATED: 1-28-2019

BY THE COURT:

CHAD F. KENNEY, JUDGE

7